(December 28, 1978)

■ JUDITH LEIBOWITZ, Respondent, v STATE UNIVERSITY OF NEW YORK et al., Appellants. JUDITH LEIBOWITZ, Respondent, v STATE UNIVERSITY OF NEW YORK et al., Appellants.—Appeals, by permission, from orders of the Supreme Court at Special Term, entered October 5, 1976 and October 12, 1976 in Albany County, which denied motions by respondents to dismiss, on objections in point of law, applications of petitioners in separate proceedings pursuant to CPLR article 78. Since petitioner was not recommended for continuing appointment by the initial academic review committee, the only right she had under article 33 of the collective bargaining agreement was to receive notice that the nonrenewal of her appointment was in conformity with that recommendation, and she concededly received that notice. Accordingly, the allegations of her petition cannot be construed as charging a violation of the procedures contained in article 33, but, rather, they must be read as charging that the procedures for evaluation mandated by the policies of the board of trustees (8 NYCRR 336.1) were not followed. In this regard, article 7 (§ 7.2, subd b) of the agreement defines grievance as including a claimed failure "to follow the procedural steps provided by Articles of Policies relating to appointment and promotion by academic employees or relating to appointment, promotion *or evaluation* of professional employees" (emphasis added). Since the provision expressly refers to evaluation of professional employees, while omitting such reference for academic employees, such as petitioner, it is readily apparent that petitioner's claimed violation of the evaluation procedures contained in the policies is not grievable. Special Term, therefore, properly denied appellants' motion to dismiss the petition for failure to exhaust administrative remedies. Orders affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney and Staley, Jr., JJ., concur.

Larkin, J., concurs in the following memorandum. Larkin, J. (concurring). Although I agree with the conclusion of the majority that the orders should be affirmed, I would arrive at this result by a different route. The gravamen of both petitions is a claim to a right to tenure, called "continuing appointment", and, as such, contrary to the finding of the majority, they are concerned more with "appointment" than with "evaluation". Accordingly, if I were to view the petitions as primarily alleging a failure "to follow the procedural steps provided by Articles of the Policies" (art 7, § 7.2, subd b), I would find article 7 to apply and the allegations to be grievable. Although neither petition makes specific mention of article 33 of the collective bargaining agreement, I agree with both courts at Special Term that the petitions are most properly viewed as alleging violations of the detailed "Job Security Review Procedures" which are the subject of article 33. I disagree with the majority's conclusion that petitioner's only right under article 33 was to receive notice that the nonrenewal of her appointment was in conformity with the recommendation of the academic review committee. Clearly, she was entitled to the benefit of all of the procedural steps contained in the article. Because the provisions of article 33 are specifically excepted from the grievance provisions of the agreement (§ 33.7), Special Term properly refused to dismiss the petitions for failure to exhaust administrative remedies (see CPLR 7801, subd 1). Because both petitions set forth similar causes of action, between the same parties, I would, in the interest of the sound administration of justice, direct their consolidation. The orders should be affirmed, and the proceedings consolidated.